IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK S. SOKOLSKY,

      Plaintiff,               1:07-CV-0613 ALA P

   vs.

W.T. VOSS, et al.,

      Defendants.         <u>ORDER</u>

      Plaintiff Mark Sokolsky is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 23, 2007, plaintiff filed an original complaint. On May 8, 2007, prior to the court screening the original complaint or the defendants answering, plaintiff filed a first amended complaint. On October 15, 2007, plaintiff filed a motion seeking to have this court order that his first amended complaint be served on the defendants.

**I**

      The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." FED. R. CIV. P. 15(a). However, an amended or supplemental complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. *Id.*; *see also* E.D. Local Rule 15-220.

Plaintiff's original complaint is therefore dismissed.  The court will now screen plaintiff's first amended complaint.

## II

Pursuant to 28 U.S.C. § 1915 this court must dismiss a complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) .  A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "At this stage of the litigation, [this Court] must accept [plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts  that could be proved consistent with the allegations." *Id.*

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006).

Plaintiff, who is detained under civil process, alleges that he was transported to and from a medical appointment by armed prison guards who subjected him to "loud hard rock music" for four and a half hours and that the guards did not offer plaintiff any food.  First Amended Complaint at 3-4.  Plaintiff alleges that he left Coalinga State Hospital at approximately 9:15 a.m. and returned at approximately 8:00 p.m.  *Id*. at 4-5.  Plaintiff alleges these actions violated his rights under the Due Process clause of the Fourteenth Amendment and constituted cruel and unusual punishment.  *Id*. at 5.

The procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977) (explaining that to be constitutionally protected, the asserted individual interests must be encompassed within the Fourteenth Amendment's

2

protection of "life, liberty or property"). Plaintiff has failed to identify what protected liberty interest was implicated by his transportation to a medical appointment by armed prison guards. Plaintiff states that Coalinga State Hospital is the only institution that transports its patients with armed prison guards as opposed to its own hospital police force. First Amended Complaint at 5. However, it is not clear as to the significance of that distinction or how that implicates a protected liberty interest.

What is clear is that, "[t]he government has an obligation under the Eighth Amendment to provide medical care for those whom it punishes by incarceration." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). It appears from plaintiff's complaint that defendants were merely fulfilling that obligation. As such, plaintiff has not stated a claim for a violation of his rights under the Due Process Clause.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To sustain an Eighth Amendment claim, the plaintiff must prove a denial of "the minimal civilized measure of life's necessities." *Id*. "[P]ublic conceptions of decency inherent in the Eighth Amendment require that [inmates] be housed in an environment that, if not quiet, is at least reasonably free of excess noise." *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996) (quoting *Toussaint v. McCarthy*, 597 F.Supp. 1388, 1397, 1410 (N.D.Cal.1984) (finding an "unrelenting, nerve-racking din"), aff'd in part, rev'd in part on other grounds, 801 F.2d 1080, 1110 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).

At issue is whether the "loud rock music" plaintiff was subjected to constitutes "excess noise." Plaintiff's first amended complaint provides no further detail. As such, the mere allegation that plaintiff was "forced to endure loud hard rock music" is insufficient to support a claim for cruel and unusual punishment.

Finally, "[a]equate food is a basic human need protected by the Eighth Amendment. *Keenan*, 83 F.3d at 1090 (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). "While

1 prison food need not be 'tasty or aesthetically pleasing,' it must be 'adequate to maintain health.'
2 *Keenan*, 83 F.3d at 1090 (quoting *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). While
3 plaintiff may have been hungry during the transportation to and from his medical appointment,
4 he makes no allegation that he was not provided any food that day that was adequate to maintain
5 his health. Plaintiff merely states that the prison guards did not offer plaintiff any food. First
6 Amended Complaint at 4. Such an allegation is insufficient to support a claim for cruel and
7 unusual punishment. As such, plaintiff's first amended complaint will be dismissed.

### III

9       To proceed Plaintiff must file a second amended complaint. Any amended complaint
10 must show that the federal court has jurisdiction and that plaintiff's action is brought in the right
11 place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a
12 request for particular relief. Plaintiff must identify as a defendant only persons who personally
13 participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*
14 *v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a
15 constitutional right if he does an act, participates in another's act or omits to perform an act he is
16 legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim
17 of a conspiracy, he must identify the participants and allege their agreement to deprive him of a
18 specific federal constitutional right.

19       In an amended complaint, the allegations must be set forth in numbered paragraphs. FED.
20 R. CIV. P. 10(B). Plaintiff may join multiple claims if they are all against a single defendant.
21 FED. R. CIV. P. 18(a). If plaintiff has more than one claim based upon separate transactions or
22 occurrences, the claims must be set forth in separate paragraphs. FED. R. CIV. P. 10(b).

23       The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d
24 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
25 heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P.
26 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); FED. R. CIV. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

The court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to FED. R. CIV. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made

5

reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. FED. R. CIV. P. 11. Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* 15 CAL. ADMIN. CODE § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

**IV**

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's April 23, 2007, original complaint is dismissed;

2. Plaintiff's May 8, 2007, first amended complaint is dismissed;

3. Plaintiff is granted thirty-five (35) days from the date of this order to file a second amended complaint. Failure to do so may result in dismissal of this action; and

4. Plaintiff's October 15, 2007, motion for order for service is denied as moot.

/////

Dated: February 7, 2008

/s/ Arthur Alarcón  
UNITED STATES CIRCUIT JUDGE  
Sitting by Designation