# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK S. SOKOLSKY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W. T. VOSS, et al.,<br><br>　　　　　Defendants.<br>　／ | CASE NO. 1:07-cv-00613-OWW-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(Doc. 32)<br><br>TEN-DAY DEADLINE |

　　　Plaintiff Mark S. Sokolsky ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action, filed April 23, 2007, pursuant to 42 U.S.C. § 1983. (Doc. 1.) On July 10, 2010, an order was issued denying Plaintiff's motion for entry of default. (Doc. 27.) Defendants filed a motion for summary judgment on July 19, 2010. (Doc. 28.) On August 5, 2010 the order denying Plaintiff's motion for default was returned as undeliverable. On August 9, 2010, the order was resent to the address on Plaintiff's motion and Plaintiff was required to file a change of address by October 15, 2010.

　　　On September 10, 2010, an order was issued requiring Plaintiff to either file an opposition or statement of non-opposition to Defendants' motion for summary judgment within thirty days from date of service of the order. (Doc. 32.) On November 9, 2010, the order requiring Plaintiff to respond to Defendants' motion was returned as undeliverable. More than thirty days has passed and Plaintiff has not filed a change of address or a response to Defendants' motion for summary judgment.

　　　Plaintiff was warned that the failure to file a response to Defendants' motion would result

in dismissal of the action, with prejudice, for failure to prosecute. Although the order was returned by the postal service as undeliverable, service was fully effective because Plaintiff has not notified the Court of any change in his address. Local Rule 182(f).

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply to with or otherwise respond to the Court's order and Plaintiff's failure to keep the Court informed of his current address, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. This action, which has been pending since 2007, can proceed no further without Plaintiff's cooperation and compliance with court orders, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id. Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to prosecute. In re PPA, 460 F.3d at 1226; Local Rule 110.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **ten (10) days** after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time

///
///
///

may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 12, 2010

UNITED STATES MAGISTRATE JUDGE